Milton M. Weoht, J.
This negligence action arose out of an accident in the State of Oregon on July 29, 1956. Defendant in its answer asserts three affirmative defenses: (1) that defendant is an eleemosynary institution and immune from liability under Oregon law; (2) that plaintiffs assumed the risk; (3) that *1057 plaintiffs released defendant from any and all liability by an agreement executed by plaintiffs before July 29,1956.
Plaintiffs now move to strike out the first and third affirmative defenses.
On the same trip in which these plaintiffs were injured, one • Lynn Kaufman received injuries which caused her death. Her father, as administrator, commenced an action against this same defendant. The same affirmative defenses as pleaded in this case were interposed in that case. A motion was then made by plaintiff to strike out the first and third defenses. This motion was denied by Special Term, Supreme Court, Westchester County. The Appellate Division, Second Department, upheld Special Term (6 A D 2d 223) in denying the motion to strike the first defense as well as the third defense insofar as the father’s cause of action was concerned but reversed it as to the deceased infant. This decision was appealed, and on March 12, 1959, the Court of Appeals in Kaufman v. American Youth Hostels (5 N Y 2d 1016) modified the order of the Appellate Division by striking out the third defense to the father’s cause of action, and as so modified affirmed the denial of the motion to strike out the first defense so that the defendant was left with the first and second defenses only. About four years after the decision in the Kaufman case, the Court of Appeals in Babcock v. Jackson (12 N Y 2d 473) discarded the inflexible rule that substantive rights and liabilities are invariably determined by the law of the place of the tort, which it had followed in the Kaufman case. The issue here as in Babcock v. Jackson (supra) is not whether defendant violated some standard of conduct imposed by the law of Oregon, but whether defendant because of its status in that State is immune from liability. As to the issue of immunity, it is New York which has the superior claim for the application of its law; the place where the plaintiffs resided and defendant was incorporated; where their relation-, ship arose and where the trip began and was to end, rather than Oregon, the place where the accident occurred. Babcock v. Jackson (supra), changed the rule of law upon which the decision in Kaufman v. American Youth Hostels (supra) was based, as to the first affirmative defense only, but does not affect the decision in the Kaufman case in regard to the third affirmative defense which was stricken out. Accordingly, plaintiffs’ motion to strike out the first defense in accord with the Babcock case, and the third affirmative defense in accord with the Kaufman case, is granted.