■ SUZANNE BLUM, an Infant, by Her Guardian ad Litem, HERBERT BLUM, et al., Respondents, v. AMERICAN YOUTH HOSTELS, INC., Appellant.— In an action to recover damages for personal injury, medical expenses and loss of services, the defendant appeals as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated December 13, 1963, as granted plaintiffs' motion, pursuant to subdivision (b) of 3211 of the Civil Practice Law and Rules, to dismiss the first defense pleaded in its answer on the ground that such defense is insufficient on its face. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. The accident occurred in Oregon. In the first defense the defendant alleged that it "is an eleemosynary institution and immune from liability." Since Oregon has over-ruled its earlier decisions which conferred upon charitable institutions immunity from liability for the torts of their servants (*Hungerford* v. *Portland Sanitarium & Benevolent Assn.*, 384 P. 2d 1009 [Ore., 1963]; *Wicklander* v. *Salem Memorial Hosp.*, 385 P. 2d 617 [Ore., 1963]), the rule as to the immunity of a

charitable institution from liability for acts of negligence committed by it in Oregon, as enunciated in *Kaufman* v. *American Youth Hostels* (6 A D 2d 223, mod. in other respects 5 N Y 2d 1016), is no longer applicable. As it appears that the Oregon decisional law is now the same as the New York decisional law with respect to the immunity of a charitable institution from liability for negligence, there is no need to determine whether *Babcock* v. *Johnson* (12 N Y 2d 473) or *Kilberg* v. *Northeast Airlines* (9 N Y 2d 34) would require a determination in favor of the plaintiffs. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur. [40 Misc 2d 1056.]